12-3832
Chen v. Lynch

BIA
A096 131 581

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand fifteen.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
>> *Circuit Judges.*

_____

XING DI CHEN,
> *Petitioner,*

v.                                          12-3832
                                            NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
> *Respondent.*

_____

FOR PETITIONER:          Vlad Kuzmin, Kuzmin & Associates,
                         P.C., New York, NY.

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; William C. Peachey, Assistant Director; Brianne Whelan Cohen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xing Di Chen, a native and citizen of China, seeks review of an August 27, 2012, decision of the BIA denying his motion to reopen his removal proceedings. *In re Xing Di Chen*, No. A096 131 581 (B.I.A. Aug. 27, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered and is permitted to file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that

Chen's motion to reopen, filed in January 2012, was untimely and number-barred, because his order of removal became final in 2007 and the BIA previously denied reopening in 2008.

Chen contends, however, that his conversion to Christianity in the United States, the Chinese government's awareness of his United States church activities, and the recent crackdown on underground churches in China constitute materially changed conditions excusing the time and number limitations. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

As an initial matter, Chen's conversion is a change in personal circumstances, not a change in conditions as required to excuse the time and number limitations. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008). Moreover, the BIA did not otherwise abuse its discretion in finding that conditions for Chinese Christians had not materially changed since Chen's 2005 merits hearing. *See Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence

of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). While Chen relies on the U.S. Department of State's 2010 International Religious Freedom Report ("2010 Report"), the BIA reasonably concluded that this report reflected a continuation of conditions that had existed at the time of Chen's 2005 merits hearing given similarities in treatment described in a 2004 report. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to evidence lies largely within the agency's discretion); *see also Shao*, 546 F.3d at 171 (recognizing that the task of resolving conflicts in the record evidence, lies "largely within the discretion of the agency").

The BIA also did not err in considering Chen's notices, which described the local religious and family planning laws generally, and specifically named Chen as an offender and threatened to take his father's assets. First, the BIA did not err in according diminished weight to the notices because they were not authenticated by any means. *See id.* at 341-42; *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404 (2d Cir. 2005). The notices also lacked any

4

indicia of authenticity when read in the context of the record, because Chen did not establish how he obtained them. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007). Second, the BIA did not err in finding that the notices did not show a *material* change in country conditions, given that they did not specify Chen's prospective punishment. *See Shao*, 546 F.3d at 165, 172. To the extent that one notice threatened financial harm, Chen failed to support his motion with sufficient evidence to demonstrate that this harm would rise to the level of persecution. *See id.; Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).

Lastly, the BIA did not err in according diminished evidentiary weight to the letters from Chen's father and uncle. *See Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from "relatives and friends," because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). And regardless of weight, these letters were insufficient to establish a change in country conditions because they do not describe a change in the way

Christians have been treated since Chen's merits hearing in 2005. *See In re S-Y-G*, 24 I. & N. Dec at 253.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```